*16-945-cv*
*Pamela Marcotte v. City of Rochester*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand seventeen.

PRESENT:    JOSÉ A. CABRANES,
            ROSEMARY S. POOLER,
            GERARD E. LYNCH,
                    *Circuit Judges.*

---

PAMELA MARCOTTE,

    *Plaintiff-Appellant,*                    16-945-cv

    v.

CITY OF ROCHESTER,

    *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**         Karen Sanders, Harris, Chesworth, Johnstone & Welch, LLP, Rochester, NY.

**FOR DEFENDANT-APPELLEE:**          Brian F. Curran (Patrick Beath *on the brief*), Corporation Counsel for the City of Rochester, Rochester, NY.

1

Appeal from the judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Pamela Marcotte (the "Plaintiff") appeals the March 1, 2016 Decision and Order of the District Court, dismissing the Plaintiff's Complaint and Proposed Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(c). On appeal, the Plaintiff argues that the District Court erred in: (1) applying the doctrine of *res judicata* to the Title VII retaliation claim and (2) dismissing the Fair Labor Standards Act ("FLSA") retaliation claim. For the reasons set forth in the District Court's thorough opinion, we find both arguments to be without merit. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

\*\*\*

We review *de novo* a district court's dismissal pursuant to Federal Rule of Civil Procedure 12(c) under "the same *de novo* standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." *Morris v. Schroder Capital Mgmt. Int'l*, 445 F.3d 525, 529 (2d Cir. 2006). We "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chase Grp. All. LLC v. N.Y.C. Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010); *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (per curiam). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

**I. The Doctrine of *Res Judicata***

First, we hold that the Title VII retaliation claim was barred by the doctrine of *res judicata* or claim preclusion. "The doctrine of *res judicata*, or claim preclusion, holds that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 284-85 (2d Cir. 2000) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Neither party disputes that the Decision and Order dated May 29, 2013 was a valid "judgment on the merits." *See Marcotte v. City of Rochester*, No. 12-CV-6416 CJS (MWP), 2013 WL 2385163 (W.D.N.Y. May 29, 2013) ("*Marcotte I*"). Instead, the Plaintiff argues that new facts, emerging after the filing and amendment of the complaint in *Marcotte I*, give rise to a Title VII claim that could not have been made in *Marcotte I*. We disagree.

Proceeding now on a theory of retaliation under Title VII, rather than disparate treatment under Section 1983 or the Fourteenth Amendment's Equal Protection Clause or *Monell* liability, as

2

the Plaintiff asserted in *Marcotte I*, does not preclude the application of *res judicata* in this case. *See L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir.1999) (per curiam) ("Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence."). The Plaintiff's Title VII claim arises from the same occurrence at issue in *Marcotte I*: the purported sex discrimination by McIntosh and her email to McIntosh asserting that she had been subjected to discrimination and requesting that he take remedial action. As the District Court explained: "The subsequent disparate treatment of the male successor to Plaintiff's position as Managing Architect is not a new transaction giving rise to a new claim, and Plaintiff is not pursuing a later arising cause of action based on this event." *Marcotte v. City of Rochester*, No. 6:14-CV-6128(MAT), 2016 WL 792497 at *5 (W.D.N.Y. Mar. 1, 2016) ("District Court Opinion"). Moreover, to the extent that Plaintiff now seeks to pursue a retaliation claim rather than a discrimination claim, newly-discovered evidence of disparate treatment would no generate her new theory in any event. The assertion of a new legal theory does not alter this result.

Even if the claim is barred by the doctrine of *res judicata*, the Plaintiff alternatively argues that we should consider the "unusual circumstances as to the conduct and competence of prior counsel, [weighing] the interests of justice dictate against the imposition of the doctrine." Pet. Br. 17. This court has never granted such an exception to the doctrine of *res judicata* based on allegations of ineptitude on the part of prior counsel, nor do we intend to do so here. *Teltronics Servs., Inc. v. L M Ericsson Telecomms., Inc.*, 642 F.2d 31, 36 (2d Cir. 1981) ("[N]o case has been cited or discovered where relief from res judicata principles has been granted simply because the plaintiff was represented by inexperienced counsel…In our jurisprudence, each party is deemed bound by the acts of his lawyer-agent."). Accordingly, the District Court properly determined that the Plaintiff's Title VII claim was barred by the doctrine of *res judicata*.

**II. The FLSA Retaliation Claim**

Second, the Plaintiff's FLSA retaliation claim was also properly dismissed. The FLSA's anti-retaliation provision makes it "unlawful for any person...to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA]." 29 U.S.C. § 215(a)(3). In the instant appeal, the Plaintiff is not protected by, and has no rights arising under, the FLSA. *See* 29 U.S.C. § 213 (listing categories of employees exempt from the protections of the FLSA). Rather, she contends that her FLSA complaint was brought in good faith and the City cannot retaliate against her for that complaint. We find this argument to lack merit. No reasonable employer could have believed that the Plaintiff's complaint about using her paid leave account was a genuine assertion of rights under the FLSA.

It is possible to state an anti-retaliation claim under the FLSA without proving an actual violation of the FLSA. *See, e.g., Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons*, 842 F.2d 590, 593 (2d Cir. 1988). To do so, however, the claimant must show that that "a reasonable employer"

3

could find that her complaint would fall under the scope of the FLSA's protection. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011) ("To fall within the scope of the [FLSA's] antiretaliation provision, a complaint [by an employee] must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection."). In *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 115-16 (2d Cir. 2015), this court reiterated that standard and held that oral complaints to an employer afford an employee protection from retaliation under section 215(a)(3) of the FLSA "when a reasonable, objective person would have understood the employee to have put the employer on notice that the employee is asserting statutory rights under [the FLSA]." *Id.* at 115-16.

We agree with District Court that "[t]he facts pleaded in Plaintiff's Complaint and Proposed Amended Complaint do not permit the inference of anything more than the merest possibility of wrongful conduct under the FLSA." District Court Opinion at *8. Neither Marcotte's email to her supervisor on March 7, 2012 alleging sex discrimination nor Marcotte's protest about using accrued sick days or personal days provide sufficient evidence of a good faith assertion of statutory rights that a reasonable employer would have understood as an assertion of rights under the FLSA. The FLSA was enacted to remedy "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). The Plaintiff cites no cases to support her view: that complaining about having to use accumulated sick days or personal days to cover an unexcused absence is a valid assertion of FLSA rights by a non-covered employee such that a reasonable person would have understood it to put an employer on notice as an assertion of rights under the FLSA. Accordingly, we conclude that the City reasonably concluded that the Plaintiff's complaint was not an assertion of statutory rights under the FLSA. Therefore, the District Court properly dismissed the Plaintiff's retaliation claim.

## CONCLUSION

We have considered all of appellant's claims on appeal and found them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

*/s/ Catherine O'Hagan Wolfe*